## Chicago General Ry. Co. and West and South Towns St. Ry. Co. v. Joseph Capek, for the Use of Leo Roeder.

1. JUDGMENTS—*For the Use of an Assignee in Action for Personal Injuries.*—Judgment erroneous because it awards damages for the use of an assignee of a cause of action for personal injuries.

2. PERSONAL INJURIES—*Claim for, Not Assignable.*—Causes of action for injuries to property, real or personal, by which an estate is diminished, are generally assignable, but on grounds of public policy the assignment of actions for injuries to the person are not.

3. SAME—*Actions in the Name of the Assignee.*—The fact that a suit is brought by and in the name of the assignee, and not in the name of the party injured for the use of the assignee, does not change the legal status of the plaintiff.

4. CONTRACTS—*Preventing a Litigant from Settling His Suit, Void.*—A contract by which a client is prevented from settling or discontinuing his suit is void, as tending to foster and encourage litigation.

5. PRACTICE—*Suits for the Use of, etc.—Rights of the Nominal Plaintiff.*—Where a suit is in the name of one person for the use of another, the nominal plaintiff can not control it. He can not dismiss it without the consent, or against the objection of the usee, and the defendant can not settle with or buy his peace from the nominal plaintiff or pay the judgment to him.

6. PARTIES—*Rights of the Usee.*—Where a suit is in the name of one person for the use of another, the usee is the party to whom any judgment recovered therein must be paid; he alone can prosecute a suit on such judgment even against the wishes of the nominal plaintiff, and if the defendant pays the same to such plaintiff it will not protect him, or be a bar to a suit upon an appeal bond for the use of the real plaintiff.

7. EVIDENCE—*Condition of Appliances.*—In an action for personal

injuries resulting from a railroad accident, it is competent to show that a brass handle, running horizontally along the end of the car where the person injured was standing, to the corner of the car, then turning downward and running vertically along the corner of the car, was off of the car at the time of the injury.

**Action for Personal Injuries.**—Trial in the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge. presiding.  Verdict and judgment for plaintiff; appeal by defendant. Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded. Opinion filed April 11, 1899.

**Statement.**—The judgment in this case is recovered in the name of Joseph Capek, for the use of Leo Roeder, upon an alleged cause of action for personal injuries received by said Capek.    April 29, 1894, Capek got upon one of the cars of the Chicago General Railway Company at Blue Island avenue and Twenty-second street, in the city of Chicago.    He took his position upon the front platform of the car at the south side of the front door, and rode in that position from Blue Island avenue west to Turner avenue, a distance of about two and one-half miles.    When within about half a block of Turner avenue, he indicated to the motorman his desire to get off the car at Turner avenue.    The motorman stopped the car at the east side of Turner avenue, with the front platform at the east crossing.    The car stopped there for the space of about a minute.    Capek decided to get off at that place, and, just as he was in the act of alighting, the car started with a jerk, and Capek reached for the handle on the body of the car extending from the corner of the car to the door, missed it, and fell forward in front of the car, and the car passed over his right arm, stopping about the middle of Turner avenue.    It was contended by plaintiff that there was no horizontal handle on the body of the car from the door to the corner of the car; that it had been broken off in a collision some time prior to the Capèk accident, and that the reason of Capek's falling from the step was the lack of this handle.

These are all the facts which seem to be necessary to an understanding of the opinion of the court.

GLENN E. PLUMB, attorney for appellants.

BRANDT & HOFFMANN, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

We shall pass upon only two of the points presented in the arguments in this case, viz.:

1st.  Is the judgment erroneous because it awards damages for the use of an assignee of a cause of action for personal injuries?

2d.  Did the trial court err in excluding testimony offered tending to show that the handle in question was not broken off the car at the time Capek was injured?

First :  The declaration is " Joseph Capek, who sues for the use of Leo Roeder, complains," etc.  The judgment order is, " Joseph Capek, for the use of Leo Roeder."  The appeal bond runs to " Joseph Capek for the use of Leo Roeder."

Upon the trial appellants sought to show by appellee, when he was on the witness stand, who Leo Roeder is, and whether appellee had assigned his claim against appellants to him.  They were not permitted to make such proof.

If from the fact that the pleadings, record and appeal bond all show that the suit is for the use of Leo Roeder, it be assumed that the claim of Capek had been assigned by him to Roeder, than the exclusion by the court of the proof offered as to that was correct.  If it be not thus assumed, then it was error to exclude such proof.

In N. Chi. St. R. R. Co. v. Ackley, 171 Ill. 100, the question as to the assignability of claims for injury to the person is very fully discussed.  So, also, is the distinction between the assignability of causes of action for injuries to property and injuries to the person.  A large number of cases are reviewed by the court in that case, and the conclusion is thus summarized (p. 108):

" Causes of action for injuries to property, real or personal, by which an estate is diminished, are generally assignable.  On grounds of public policy the sale or assignment of actions for injuries to the person are void.  The law will

not consider the injuries of a citizen, whereby he is injured in his person, to be, as a cause of action, a commodity of sale. On other grounds assignability is not legal."

The Ackley suit was brought by and in the name of the assignee, and not in the name of the party injured for the use of the assignee. Does that change the legal status? We think not. In that case the court says (p. 110):

"Any contract whereby a client is prevented from settling or discontinuing his suit is void, as such agreement would foster and encourage litigation."

Where a suit is in the name of one person for the use of another, the nominal plaintiff can not control the suit. He can not dismiss it without the consent or against the objection of the usee. The defendant can not, in such a case, settle with or buy his peace from the nominal plaintiff. Defendant could not pay a judgment to him. The appeal bond runs to the usee. He could prosecute a suit thereon even against the wishes of the nominal plaintiff. If the judgment in this suit were affirmed by this court, and appellant should pay the amount of the same to the plaintiff, that would not protect appellant, or be a bar, in a suit upon the appeal bond for the use of Roeder.

We are of opinion that this suit can not be maintained for the use of, when it could not be in the name of, an assignee of the claim in question.

Second. There are two handles referred to in the testimony. One was a brass handle, running horizontally along the end of the car where Capek was standing, to the corner of the car and then turning downward and running vertically along the corner of the car. The other was a small iron handle fastened vertically to the corner of the car. If we understand it correctly, the small iron handle took the place of the vertical part only, of the brass handle. Whether the brass handle was off the car at the time Capek was injured, was an important question. Plaintiff had offered testimony tending to show that the brass handle was off at the time, and that the small iron handle had theretofore been put upon the corner of the car.

Appellants sought to prove that the brass handle was broken off in an accident May 17th, eighteen days after the injury to Capek; that prior to that time there had been no injury to any of the handles on that car, and that after the collision, May 17th, the iron handle was put upon the car.

There was testimony offered by appellants tending to show that the brass handle was on the car in good condition, and had not been broken off at the time Capek was injured. But it was an important and contested question. Appellants were entitled to have the proof admitted which they offered on that question, so far as it was competent and proper testimony. It could not be properly excluded on the ground that it was cumulative. To prove that the brass handle was broken off in a collision eighteen days after Capek was injured, and that it had not broken off prior to the time of that collision, is one mode, and a proper mode, of showing the condition of that handle at the time of the injury to Capek. It was error to exclude this testimony.

The judgment of the Superior Court is reversed and the cause remanded.